No. 16,530.

ESTATE OF DOWER.
GEORGE *v.* TETTEMER ET AL.
(240 P. [2d] 906)

Decided December 17, 1951.   Rehearing denied February 11, 1952.

Messrs. HODGES, VIDAL & GOREE, Mr. RALPH SARGENT, JR., for plaintiff in error.

Mr. HENRY MCALLISTER, Mr. JOHN L. J. HART, Mr. J. G. HOLLAND, Mr. PATRICK M. WESTFELDT, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

GEORGE filed claim in the county court in the estate of Dower, of which Tettemer and Soden were administrators, "for $638,807.40 compensation for claimant's par-

ticipation and services in connection with the sale by decedent of 75,420 shares of the stock of The Colorado Milling and Elevator Company, a Colorado corporation, in May of 1943." After hearing on the claim it was disallowed by the county court and appeal was taken to the district court.

In the meantime, George filed suit in the district court against said administrators and other defendants, praying for adjudication of the identical claim which he had filed against the estate in the county court. After answer in said suit by the administrators and the other defendants, George filed therein a motion to consolidate therewith, for trial, his said claim against the Dower estate which then was pending on appeal in the same court for trial de novo. In said motion George stated:

"That said claim against the Estate of John L. Dower arose out of the same transaction set forth in the complaint in the above entitled cause, and involves an inquiry into the same subject matter out of which the causes of action herein set forth arise.

"That the identical evidence of relevant facts which will be submitted in said cause No. A-42136, Division I, will be offered for the consideration of the Court in which this motion is entitled, and identical problems of law will be submitted to the Court in both causes."

The motion to consolidate was denied and the suit brought in the district court duly went to trial and, after hearing, judgment of dismissal was entered, which was affirmed by this court in *George v. Dower*, No. 16431, 125 Colo. 44, 240 P. (2d) 831, decided this day. After said judgment of dismissal in the suit brought in the district court, the administrators of the Dower estate filed plea of res judicata in the proceeding on the claim filed against the estate, which still was pending on appeal in the district court. That plea was sustained; the claim against the estate was disallowed, and the administrators were allowed their costs.

In seeking reversal of such disallowance by this court it is the contention of George:

(1) That among the defenses interposed by the administrators in the suit brought in the district court was a plea in bar based on the contention that by filing claim in the county court against the administrators of the estate for the same services alleged as the basis of his action in the complaint in the district court, George had elected to prosecute said claim in the county court in probate and was barred from prosecuting the claim by suit in the district court;

(2) That the trial court sustained said plea in bar by its general finding in said suit in the district court that, "The issues joined are found in favor of defendants and against the plaintiff, and judgment of dismissal is entered";

(3) That by sustaining such plea the court barred itself from determining the merits in said action in the district court; that its attempted adjudication of the merits therein was in vain; that the plea of res judicata based thereon was without support, and that the claim against the estate must now be determined in the appeal pending from the decision on the claim by the county court regardless of the attempted adjudication of the same issue by the same court in the other action.

The error in such argument lies in the assertion that the trial court in the district court action sustained the plea in bar. The same contention was made on review by us of that cause and we said, in affirming the decision of the court therein, that the plea of election in bar of said action was not there sustained. From the additional record now before us, it appears not only that it was not sustained, but that it was affirmatively overruled. It is here shown that at the commencement of the trial of the cause in the district court, the asserted defense of election of remedies barring the determination of the cause in said proceeding was argued to the court and ruled upon as follows: "The motion of defendants

for dismissal of the action is overruled, with the right to defendants to renew the motion before any judgment is entered against them. It seems to me they should not be dismissed now, although ultimately, if judgment is recovered by plaintiff, you can argue that dismissal should be entered as to these particular defendants." That ruling was made subject to the right of defendants to renew it if judgment was recovered by plaintiff; but no judgment was recovered by plaintiff, therefore there was no privilege or occasion for the renewal of the motion. Since George invoked the jurisdiction of the district court in his direct proceeding therein for determination of the merits of his claim and voluntarily presented his claim in said proceeding, he is not now in position to challenge its right to make decision thereof, and defendants in error have accepted such adjudication and are now making no objection thereto. Accordingly, we find no reason at this time to determine the posed question of election of remedies.

The judgment is affirmed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE KNAUSS not participating.